UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21634-BLOOM/Otazo-Reyes

FRANCISCO RODRIGUEZ CRUZ,

    Plaintiff,

v.

MENDEL CHERUTY,

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [3] ("Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1] ("Complaint"). The Court has carefully considered the Motion, the Complaint, the record in this case, and is otherwise fully advised.

Plaintiff has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")).

When a plaintiff seeks to proceed *in forma pauperis*, the Court is required to screen whether

"the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). Although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain the action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's Complaint does not set forth cognizable claims. Plaintiff brings his Complaint under the Civil Rights Act, 42 U.S.C. § 1983. ECF No. [1] at 1. To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir.

Case No. 23-CV-21634-BLOOM/Otazo-Reyes

2001). Plaintiff complains that (1) on one afternoon in January 2023, the doors of Miami Kosher Supermarket were closed, (2) on another afternoon in April 2023, Rebe Mendel denied Plaintiff transportation, and (3) "he has also denied [Plaintiff] employment in late 2022 for [Plaintiff's] inability to not speak fluent[.]" ECF No. [1] at 2. Plaintiff has failed to allege that any of these acts violated a right secured by the Constitution or laws of the United States, and there is no indication that any of Defendant's actions constitute state action. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. at 50. The Complaint is subject to dismissal because it "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

2. The Motion, **ECF No. [3]**, is **DENIED AS MOOT**. Any pending motions are **DENIED AS MOOT**.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 3, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Francisco Rodriguez Cruz
15695 SW 295 Terrace
Homestead, Fl 33033